NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| G AND G CLOSED CIRCUIT EVENTS, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DANIEL JOEL SNUKAL, DBA Puntas Cabras, individually; et al., <br><br> Defendants-Appellees. | No.  21-55488 <br><br> D.C. No. 2:19-cv-07854-WDK-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Submitted May 10, 2022[**]
Pasadena, California

Before:  McKEOWN and IKUTA, Circuit Judges, and DANIELS,[***] District Judge.

G and G Closed Circuit Events, LLC, appeals the district court's order

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

granting summary judgment on its 47 U.S.C. §§ 553 and 605 claims and declining to exercise supplemental jurisdiction over its state law claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

This is one of three appeals brought by G and G that implicate the application of 47 U.S.C. §§ 553 and 605 to commercial programs that are broadcast over the internet. All three appeals raise identical issues, the substance of which we addressed in our opinion in *G and G Closed Circuit Events, LLC v. Liu*, No. 21-56047, __ F.4th __ (9th Cir. 2022). For the reasons explained in our opinion, we affirm the district court's order.

In this case, as in *Liu*, the district court granted G and G ample opportunity to conduct discovery on the method by which the commercial program was broadcast. And here, as in *Liu*, G and G declined to take advantage of this opportunity and instead relied on conclusory statements regarding the method of transmission. It was G and G's burden at summary judgment to come forward with evidence establishing a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Because G and G failed to carry this burden, summary judgment was appropriate.

**AFFIRMED.**

2